$3,700.COM

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX:  (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM

DEC 27 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $3,700.00 UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____) | CIVIL CASE NO. 05-00040 <br><br> **VERIFIED COMPLAINT OF FORFEITURE** |

Now comes plaintiff, the United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney for the District of Guam, and Karon V. Johnson, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provision of 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), and 1961(1), for the forfeiture of United States currency which constitutes proceeds traceable to a violation of Title 8, United States Code, § 1324(A)(2)(B)(ii), Alien Smuggling for Commercial Advantage or Private Financial Gain.

2. The Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant property under Title 8 U.S.C. § 1324(b) as property representing the proceeds of Alien Smuggling. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and

1355. Venue is proper in this district pursuant to 18 U.S.C. § 981(h) because the criminal prosecution has been brought in this district.

3. The defendant is $3,700.00 in United States currency.

4. The defendant $3,700.00 United States currency was seized from the person of Pi Ju WU, upon her arrest for alien smuggling on August 8, 2005.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Declaration of ICE Special Agent Timothy L. Conway, attached hereto and incorporated herein as Exhibit A.

6. The defendant $3,700.00 in United States currency constitutes proceeds traceable to a violation of Title 8, United States Code, § 1324(a)(2)(B)(ii) and is, therefore, subject to forfeiture to the United States pursuant to Title 8, United States Code, § 1324(b).

WHEREFORE, the United States of America prays that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant $3,700.00 in United States currency to be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 27th day of December, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney

-2-

Case 1:05-cv-00040    Document 1    Filed 12/27/2005    Page 2 of 4

# DECLARATION OF TIMOTHY CONWAY

I, Timothy L. Conway, being first duly sworn, do depose and say:

1. I am a Special Agent of the Immigration and Customs Enforcement Agency and make this affidavit in the course of my official duties. I make this complaint based on my personal knowledge and on information furnished to me by other law enforcement personnel.

2. On August 8, 2005, Pi Ju WU arrived at the Guam International Airport on Continental Airlines Flight CO 946 from Saipan. She presented a Taiwanese passport, #210228912 and a valid U.S. Visa. Her passport reflected an entry stamp into the United States on March 30, 2005, as well as numerous entries into other countries. She told Customs and Border Protection Officer Gabriel M. Pablo that she worked as a tour agent, but that she was not traveling with anybody on this trip. Rather, she said, she was on vacation and intended to stay for a week at the Holiday Inn Waikiki in Honolulu. Officer Pablo admitted WU as a visitor for pleasure on a B2 visa for six months.

3. An illegal Chinese alien, She LIN, arrived on the same flight from Saipan as WU. Lin was arrested at the Airport when it was determined she was traveling on a false Portugese passport, which had her name, photograph and other biographical data substituted for that of the true owner. Lin subsequently confessed that she had paid a smuggler to be brought to the United States. She said that she traveled with a male smuggler from Hong Kong to Korea, then on to Saipan, where she arrived on August 5, 2005. This male member of the smuggling ring gave her the false Portugese passport after they left Korea, and she used it to enter Saipan. She and the male smuggler stayed at a hotel, and he told her that a female Chinese would be coming with tickets to take her to the United States.

4. Lin has identified WU as the woman who contacted her at her hotel on Saipan and gave her tickets, an itinerary, and hotel reservations for Honolulu. She said that WU traveled with her from Saipan to Guam, and instructed her to act as if they did not know each other. She told WU that she was from Fujian, not Macau. WU told her that if Lin was stopped, WU would continue on her trip so as not to arouse suspicion. WU told Lin that if she was stopped, she was not to answer any questions.

5. WU was arrested on August 8, after she disembarked from the plane in Honolulu. Ultimately, she admitted that she acted as an escort for a smuggling ring. She said she was being paid $500 plus travel expenses for escorting illegal aliens into the United States. If they made it in successfully, she would be paid $1,000. She admitted that in March, 2005, she had escorted an illegal alien from China to Detroit at the behest of a smuggling ring, but that the alien was arrested in Detroit. She admitted that she had been paid $500 plus travel expenses to escort Lin into the United States. She said that she had traveled to Saipan with Lin's tickets and given them to her at the Ocean View Hotel in Saipan. She said she was responsible for delivering the tickets, then looking after Lin while going through immigration. She said Lin intended to travel to Honolulu. Wu had $3,700.00 in United States currency on her person at the time of her arrest.

6. I am seeking forfeiture of this $3,700.00 because it is the gross proceeds of alien smuggling for commercial advantage or private financial gain in violation of Title 8, United States Code, § 1324(a)(2)(B)(ii), and property traceable to such proceeds, and is therefore subject to seizure and forfeiture.

FURTHER AFFIANT SAYETH NAUGHT.

TIMOTHY L. CONWAY

SUBSCRIBED AND SWORN TO BEFORE me on this 27th day of December, 2005.

NOTARY PUBLIC

GREGORY E. HELM
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: May 12, 2006
Sirena Plaza Ste. 500,
108 Hernan Cortez Avenue
Hagåtña, Guam 96910